10-2143-ag
Arellano-Zapien v. Holder

BIA
Rocco, IJ
A075 407 392

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand eleven.

PRESENT: DENNIS JACOBS,
     *Chief Judge*,
   PETER W. HALL,
   GERARD E. LYNCH,
     *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - -X

EFRAIN ARELLANO-ZAPIEN,
  *Petitioner*,

   v.          10-2143-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent*.

- - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:   Anne E. Doebler
          Buffalo, New York.

FOR RESPONDENT:   Tony West, Assistant Attorney
          General; Lyle D. Jentzer, Senior

**Litigation Counsel; Edward J. Duffy,**
**United States Department of Justice,**
**Civil Division, Office of Immigration**
**Litigation**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Efrain Arellano-Zapien ("Petitioner"), a native and citizen of Mexico, seeks review of a May 13, 2010, decision of the BIA, which affirmed a decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

As the BIA adopted the decision of the IJ and supplemented that decision, we review the IJ's decision as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, and questions of law de novo. See Aliyev v. Mukasey, 549 F.3d 111, 115 (2d Cir. 2008).

2

The BIA and IJ ruled that Petitioner was precluded from satisfying the "good moral character" requirement for cancellation of removal because he knowingly assisted his wife's two illegal entries into the United States in 2003. Because Petitioner is not a lawful permanent resident, to establish eligibility for cancellation of removal he must demonstrate, inter alia, that during the "10 years immediately preceding the date of [his] application . . . [he] has been a person of good moral character."  8 U.S.C. § 1229b(b)(1).  The Immigration and Nationality Act ("INA") provides that "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was . . . a member of one or more of the classes of persons, whether inadmissible or not, described in [8 U.S.C. § 1182(a)(6)(E)] . . . if the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period." Id. § 1101(f)(3).  Section 1182(a)(6)(E), in turn, designates as inadmissible for smuggling "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to

3

enter the United States in violation of law." Id. § 1182(a)(6)(E)(i).

We have "yet to set forth anything approaching a bright-line test as to the nature of the actions that will or will not suffice to support a finding that an alien has encouraged, induced, assisted, abetted, or aided another in illegally entering the United States." Chambers v. Office of Chief Counsel, 494 F.3d 274, 279 (2d Cir. 2007) (internal quotation marks omitted). However, under any plausible reading of the statute, Petitioner's actions constitute smuggling. At his hearing, Petitioner admitted that he had made arrangements with smugglers for his wife's two illegal entries into the United States in 2003. With regard to his wife's first entry, Petitioner paid a smuggler approximately $6,000 to lead his wife across the border, to lead Petitioner across three hours later, and to reunite them at a location in the United States. As to his wife's second entry, Petitioner again hired a smuggler to take both him and his wife across the border. Based on these facts as admitted by Petitioner, there is substantial evidence in the record to support the agency's conclusion that Petitioner admitted assisting his wife's illegal entries into the United States for purposes of 8 U.S.C. § 1182(a)(6)(E)(i). See Chambers, 494 F.3d at 279-80.

Petitioner argues that the agency erred in designating him as both a smuggler and a smugglee.  As the BIA observed, nothing in Section 1182(a)(6)(E) suggests that the categories of smugglees and smugglers are mutually exclusive.  Petitioner argues that Congress did not intend to include smugglees as possible smugglers under 8 U.S.C. § 1182(a)(6)(E) because smugglees are inadmissible under a separate subsection, § 1182(a)(6)(A)(i).  However, an alien may be found inadmissible under multiple provisions of the INA.  Cf. 8 U.S.C. § 1182(d)(11) (providing a waiver of inadmissibility under Section 1182(a)(6)(E)(i) only if the alien is "otherwise admissible").  Furthermore, although Congress expressly excluded from the purview of Section 1182(a)(6)(E) certain aliens who would otherwise be considered smugglers, no such exception is made for smugglees.  See 8 U.S.C. § 1182(a)(6)(E)(ii); United States v. Smith, 499 U.S. 160, 167 (1991) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." (internal quotation marks omitted)).

Finally, Petitioner argues that the family unity waiver of inadmissibility (provided for in Section

5

1182(a)(6)(E)(iii) as set forth in Section 1182(d)(11))
applies in the context of determining whether an alien is
precluded from establishing good moral character for
cancellation of removal purposes.  We need not consider that
question because, in any event, Petitioner does not qualify
for such a waiver.  Section 1182(d)(11) provides in
pertinent part that:

> The Attorney General may, in his discretion for
> humanitarian purposes, to assure family unity, or when
> it is otherwise in the public interest, waive
> application of clause (i) of subsection (a)(6)(E) in
> the case of any alien lawfully admitted for permanent
> residence who temporarily proceeded abroad voluntarily
> and not under an order of removal, and who is
> otherwise admissible to the United States as a
> returning resident . . . and in the case of an alien
> seeking admission or adjustment of status as an
> immediate relative or [family-sponsored] immigrant . .
> ., if the alien has encouraged, induced, assisted,
> abetted, or aided only an individual who at the time
> of such action was the alien's spouse, parent, son, or
> daughter (and no other individual) to enter the United
> States in violation of law.

8 U.S.C. § 1182(d)(11).  Petitioner is not eligible for a
waiver under the plain terms of this provision because he is
neither a lawful permanent resident nor an alien seeking
admission or adjustment of status as an immediate relative
or family-sponsored immigrant.  See, e.g., Lamie v. U.S.
Trustee, 540 U.S. 526, 534 (2004) (noting the well-
established rule that courts must enforce a statute
according to its terms if its language is plain).

Petitioner asserts--and the government does not dispute--that he is a steady worker and family man with no criminal record or history of drug abuse, and that he has been found to lack "good moral character" *only* because he handled the arrangements for his wife, as well as himself, to be smuggled back into the United States after a visit to her dying parents in Mexico.  If these assertions are true (something about which we can have no opinion, and that in any event is irrelevant to the legal issues before us), the government might well want to consider whether the continued prosecution of this case is consistent with recently announced guidelines for the exercise of prosecutorial discretion in deportation cases.  See Memorandum from John Morton, Director, U.S. Immigration and Customs Enforcement, to All Field Office Directors et al. (June 17, 2011), available at http://www.ice.gov/doclib/secure-communities/pdf/prosecutorial-discretion-memo.pdf.

We have considered Petitioner's remaining arguments and we find them to be without merit.  For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court

7

previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk